[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY
This is an accelerated appeal from a judgment of the Warren County Court of Common Pleas adjudicating defendant-appellant, Joseph Lester Wiggins, guilty of unlawful possession of a dangerous ordnance and several narcotic offenses.[1]
Appellant's first assignment of error is overruled on the authority of Strickland v. Washington (1984), 466 U.S. 668, 687, 104 S.Ct. 2052,2064. We conclude that appellant failed to show that his counsel's actions were outside the wide range of professionally competent assistance and, but for counsel's actions, there is a reasonable probability that the result of the proceeding would have been different. See Id. at 687, 694, 104 S.Ct. at 2064, 2068. A strong presumption exists that licensed attorneys are competent and that the challenged actions are the product of a sound trial strategy and falls within the wide range of reasonable professional assistance. See State v. Bradley
(1989), 42 Ohio St.3d 136, certiorari denied (1990), 497 U.S. 1011,110 S.Ct. 3258.
Appellant's second assignment of error is overruled on the authority of State v. Jenks (1991), 61 Ohio St.3d 259, paragraph two of the syllabus. After viewing the evidence in the record in a light most favorable to the prosecution, we conclude that any rational trier of fact could have found the essential elements of the crimes for which appellant was convicted proven beyond a reasonable doubt. See id.
Appellant's third assignment of error is overruled on the authority of State v. Thompkins (1997), 78 Ohio St.3d 380, 389. After reviewing the entire record, weighing the evidence and all reasonable inferences to be drawn therefrom, and considering the credibility of witnesses, we do not conclude that the jury clearly lost its way and created such a manifest miscarriage of justice that appellant's convictions must be reversed. Seeid. at 389.
Upon consideration of the foregoing, the judgment of the trial court is hereby affirmed.
Pursuant to App.R. 11.1(E), this entry shall not be relied upon as authority and shall not be published in any form.
A certified copy of this judgment entry shall constitute the mandate pursuant to App.R. 27.
Costs to be taxed to appellant.
James E. Walsh, Judge, Stephen W. Powell, Judge Concur.
[1] Pursuant to Loc.R. 6(A), we have sua sponte assigned this appeal to the accelerated calendar.